IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY F. HADNOT, <br> TDCJ #912998, | § § § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. H-08-1304 |
| SERGEANT A. BUTLER, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

State inmate Johnny F. Hadnot (TDCJ #912998) brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Hadnot proceeds *pro se* and *in forma pauperis*. At the Court's request, Hadnot has provided a more definite statement of his claims. (Doc. # 9). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.     BACKGROUND**

Hadnot is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Ellis Unit in Huntsville. Hadnot sues several correctional officers employed by TDCJ at the Ellis Unit facility, including: Sergeant A. Butler; CO III Officer Steven Alexander; Captain Earnest Navarette; and Lieutenant John Doe Bitt. Hadnot's claims stem from an incident that allegedly occurred at the Ellis Unit on July 11, 2007.

Hadnot asserts that Sergeant Butler and Officer Alexander used excessive force against him on July 11, 2007, while he was being moved from one cell to another. While moving to his new cell assignment, Hadnot claims that the officers would not let him return to his former cell to retrieve his mattress and bedding. It appears that the officers construed Hadnot's actions as an refusal to enter his newly assigned cell. Hadnot reports that both officers got in his face and, with profane language, told him to get his "bitch ass" in the cell. Hadnot claims that Sergeant Butler and Officer Alexander then forced him to the ground and began kicking him in the head and back. Hadnot complains that the assault was unprovoked and that he was injured as a result. Hadnot states that he was treated at the clinic for bruises to his face, arms, and torso. He was treated with ibuprofen for these injuries. Hadnot reports that he was also prescribed nortrypline, which treats depression.

Hadnot complains further that he was also charged with a disciplinary case as a result of the incident. In his more definite statement, Hadnot reports that he was charged with assaulting an officer and "failure to relinquish hand restraints" in violation of prison rules. As a result of these disciplinary proceedings, Hadnot forfeited 365 days of previously earned credit for good conduct (*i.e.*, good-time credit).

Hadnot complains that Sergeant Butler and Officer Alexander used excessive force against him in violation of the Eighth Amendment to the United States Constitution and the prohibition against cruel and unusual punishment. Hadnot complains further that Captain Navarette and Lieutenant Bitt failed to adequately train or supervise Sergeant Butler and Officer Alexander, who failed to follow prison policy by requesting a video camera before

resorting to force. Hadnot seeks $40,000 in compensatory damages from each defendant in their official capacity and $10,000 from each defendant in their individual capacity. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir.

2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   <u>DISCUSSION</u>

Hadnot seeks monetary damages for a use of force that resulted in a disciplinary conviction and a loss of good-time credits. To recover damages for an allegedly

"unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Hadnot complains that Sergeant Butler and Officer Alexander used excessive force against him on July 11, 2007. As Hadnot discloses in his more definite statement, however, he was convicted of disciplinary charges, including assault on an officer, in connection with the July 11, 2007 incident in which the complained of force was used. (Doc. # 9, at ¶ 20). Hadnot concedes that he lost previously earned good-time credits as a result of this conviction and that the conviction has not been overturned. (*Id.* at ¶¶ 20-21).

Hadnot's excessive-force claim would, if true, necessarily implicate the validity of his disciplinary conviction. Because Hadnot's conviction has not been overturned, his civil

rights claims against the defendants are barred by *Heck*. *See Edwards*, 520 U.S. at 647-48; *see also Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer); *Donnelly v. Darby*, 81 F. App'x 823, 2003 WL 22794388 (5th Cir. 2003) (unpublished per curiam) (rejecting excessive force claims from a state prisoner who received a disciplinary conviction arising from the same incident); *Powell v. Maddox*, 81 F. App'x 476, 2003 WL 22734607 (5th Cir. 2003) (unpublished per curiam) (same).

Because Hadnot's claims are not cognizable under 42 U.S.C. § 1983, the complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted at this time.[1] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV. CONCLUSION

---

[1] In addition, Hadnot concedes that he did not file a grievance or exhaust available administrative remedies with respect to his claim that Captain Navarette and Lieutenant Bitt failed to adequately supervise Sergeant Butler and Officer Alexander. Accordingly, this claim is subject to dismissal for failure to exhaust administrative remedies in violation of the PLRA, codified at 42 U.S.C. § 1997e(a). *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong).

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on September 9th, 2008.

_____
Nancy F. Atlas
United States District Judge